# United States District Court
# for the Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 415-076 |
| | ) | |
| RAKYM WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Rakym Williams's motion for reduction or modification of sentence filed pursuant to 18 U.S.C. § 3582(c) and the First Step Act of 2018.  Dkt. No. 55.

## BACKGROUND

In July 2015, pursuant to a written plea agreement, Williams pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Dkt. Nos. 26, 31.  The presentence investigation report reflected an advisory guidelines range calculation of ninety-seven to one-hundred-twenty months' imprisonment.  In October 2015, the Court sentenced Williams to 108 months' imprisonment.  Dkt. No. 31. He did not directly appeal.  Williams is currently incarcerated at U.S. Penitentiary McCreary, located in Pine Knot, Kentucky, with a projected release date of February 26, 2023.

## DISCUSSION

### I.  First Step Act Motion

Williams first argues the "First Step Act of 2018 permits district courts to reduce sentences that are unfair and unjust." Dkt. No. 55 at 2.  However, the First Step Act is not as broad as Williams suggests.

"The First Step Act permits a district 'court that imposed a sentence for a covered offense' to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020) (citing First Step Act § 404(b)).  "A district court may not 'entertain a [First Step Act] motion' from a defendant who already benefitted from the Fair Sentencing Act by having his sentence imposed or reduced 'in accordance with' sections two or three of the Fair Sentencing Act."  Id. at 1297. Here, Williams was charged, convicted and sentenced after August 3, 2010—the effective date of the Fair Sentencing Act.  Thus, Williams has already been sentenced pursuant to the Fair Sentencing Act's amendments, and Williams is ineligible for a sentence reduction. His First Step Act motion is **DENIED**.

### II.  Compassionate Release Motion

To the extent Williams moves for compassionate release, the Court finds that Williams has not exhausted his administrative

2

remedies with the Bureau of Prisons as required by 18 U.S.C. § 3582(c)(1)(A). Furthermore, Williams has not alleged "extraordinary and compelling reasons" set forth in the Sentencing Guidelines policy statement § 1B1.13. Because Williams has thus not shown he is entitled to relief under 18 U.S.C. § 3582(c)(1)(A), his motion for compassionate release is **DISMISSED**.

## III.   Motion for Reduced Sentence

Williams also moves the Court to sentence him to time served. Dkt. No. 55 at 8. Williams argues that the Court should consider the sentencing factors contained in 18 U.S.C. § 3553(a), citing Pepper v. United States, 562 U.S. 476 (2011). Dkt. No. 55 at 9. The Court cannot grant Williams the relief he seeks.

First, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) (citing 18 U.S.C. § 3582(c)). Williams does not meet any of the exceptions contained in § 3582(c) which would allow the Court to modify his sentence, nor does he show that Federal Rule of Criminal Procedure 35 applies to allow this Court to correct or reduce his sentence. Secondly, Williams's reliance on Pepper is misplaced. There, the Supreme Court held that evidence of post-sentencing rehabilitation is relevant and may support a downward

variance "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing." 562 U.S. at 490-91. Here, Williams is not before the Court on remand for resentencing. Therefore, the holding in Pepper and the § 3553(a) factors are inapplicable. Accordingly, Williams's motion for sentence reduction must be **DENIED.**

## CONCLUSION

To the extent Williams moves for a sentence reduction pursuant to the First Step Act, his motion is **DENIED.** To the extent Williams moves for compassionate release, his motion is **DISMISSED.** Finally, to the extent Williams moves for a general reduction in sentence, his motion is **DENIED.**

**SO ORDERED**, this __15__ day of October, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA